IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Russell Fries,<br><br>        Petitioner,<br><br>v.<br><br>JF Garrido and Mark Brnovich,<br><br>        Respondents. | No. CV-20-00411-TUC-CKJ<br><br>**ORDER** |

        On July 19, 2021, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") in which she recommended that Petitioner Todd Russell Fries' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be dismissed.  (Doc. 15)  The Magistrate Judge advised the parties that written objections to the recommendation were to be filed within fourteen days of service of a copy of the R&R under 28 U.S.C. § 636(b).  *Id*. at 6.  To date, no objections have been filed within the time provided.

**LEGAL STANDARD**

        The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  Further, under the pertinent statute, if a party makes a timely objection to a magistrate judge's recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  *Id*. § 636(b)(1).

The statute does not "require[ ] some lesser review by the [Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

The Ninth Circuit has also recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (reiterating that "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties"); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]istrict courts are not required to conduct any review at all . . . of any issue that is not the subject of an objection"). In other words, if there is no objection to a magistrate judge's recommendation, then this Court may accept the recommendation without review. *See Johnstone*, 263 F. Supp. 2d at 1226.

In the case at hand, Petitioner has not filed an objection to the Magistrate Judge's R&R. While Petitioner has not filed an objection, the Court has independently reviewed the R&R and adopts the recommended findings and conclusions. The Court will accept the R&R and dismiss the Petition.

**CERTIFICATE OF APPEALABILITY ("COA")**

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court[,]" or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy

§ 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. 28 U.S.C. § 2253(c)(3).

The Magistrate Judge determined, and this Court accepted, that the Petition is untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act. The Magistrate Judge further determined, and this Court accepted, that the Petition is not subject to statutory or equitable tolling. The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Petitioner's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 15) is ADOPTED.

2. Fries' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED.

3. A Certificate of Appealability shall not issue in this case.

4. The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 17th day of August, 2021.

Honorable Cindy K. Jorgenson
United States District Judge